```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

JOHN KYLE TAFT,                :
                               :
        Petitioner,             :
                               :
vs.                            :    CIVIL ACTION 10-00173-KD-B
                               :
WARDEN PATTERSON,              :
                               :
        Respondent.             :

## REPORT AND RECOMMENDATION

This action, filed pursuant to 28 U.S.C. § 2254 by pro se Petitioner John Kyle Taft, an inmate at Holman Correctional Facility, has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2, and the standing order of general reference.

Taft was convicted in the Circuit Court of Clay County, Alabama for unlawful possession of a controlled substance, and was given a fifteen year sentence which he is currently serving. However, in his habeas petition, Taft is not attacking his Alabama conviction. Taft instead asserts that he was convicted in the Circuit Court of Jackson County, Georgia for possession of methamphetamine in 2006, and was sentenced to eight years probation. According to Taft, Georgia officials have filed a probation revocation detainer with Alabama officials, and they refuse to vacate the detainer or to resolve the detainer so that

any probation revocation sentence can be served concurrently with his Alabama sentence.

A prisoner may bring a habeas petition attacking a conviction in another state which may subject him to future custody in that state. Rule 1(a)(2), 28 U.S.C. fol. § 2254; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); Byrd v. Martin, 754 F. 2d 963 (11th Cir. 1985).

> In that situation, jurisdiction exists currently in both the district of the prisoner's confinement and the district in the state in which the conviction which he seeks to attack was entered. The most convenient forum will often be the district in the state whose conviction is being attacked, and a transfer of the case to that district is permissible, but not required, under 28 U.S.C. § 1404(a).

Id. at 965. Since the thrust of Taft's petition centers around his Jackson County, Georgia conviction, the Northern District of Georgia, Gainesville Division, which encompasses Jackson County, is the more convenient forum because of the accessibility of the record and evidence. Braden, 410 U.S. at 493-500; Byrd, 754 F. 2d at 965. Accordingly, the undersigned recommends that this petition be transferred to the United States District Court for the Northern District of Georgia, Gainesville Division.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **27th** day of **August, 2010.**

                                    <u>    /s/ SONJA F. BIVINS    </u>
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. ***Objection***. Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the

---

[1]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.